IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELLIS J. LARD, )
)
        Petitioner, )
)
vs. ) Case No. 3:15-cv-00238-DRH
)
JAMES N. CROSS, )
)
        Respondent. )

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Ellis Lard is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Lard has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seemingly challenging his federal conviction and sentence in the Central District of Illinois for being a felon in possession of a firearm. *See United States v. Lard*, 57 F.3d 1073 (7th Cir. 1995). While Lard's petition is unclear, he appears to claim that his guilty plea was unlawfully induced, that many of his prior state convictions were not qualifying violent felonies or serious drug convictions under the Armed Career Criminal Act, and that his conviction was obtained through the use of illegally-obtained evidence. (Doc. 1 at 4-5.)

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## Procedural History

On May 4, 1994, Lard was charged by indictment in the Central District of Illinois with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *Lard*, 57 F.3d at *1. Lard pled guilty and was sentenced pursuant to the Armed Career Criminal Act to 210 months of imprisonment, followed by a five-year term of supervised release. *Id.* Lard appealed the sentence to the Seventh Circuit on October 20, 1994, claiming that one of the four predicate felonies used to enhance his sentence under the Armed Career Criminal Act was non-violent, and another was constitutionally defective for lack of counsel in the underlying state court proceeding. *Id.* The Seventh Circuit affirmed the judgment of the Central District of Illinois on June 8, 1995, ruling that the burglary conviction was properly considered a violent felony, and that Lard was represented by counsel in the 1991 state proceeding. *Id.* at *1-2.

Almost ten years later, on May 16, 2005, Lard filed a motion in the Central District of Illinois under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, again challenging his sentence under the Armed Career Criminal Act.

(Case No. 4:05-cv-04043, Doc. 1.)  For this motion, he relied on the Supreme Court's then-recent decision in *United States v. Booker*, 543 U.S. 220 (2005). The Central District denied the motion on May 20, 2005.  (*Id.*, Doc. 4.)

On April 27, 2010, Lard was released from the Bureau of Prisons and began a period of supervised release.  *See United States v. Lard*, 526 F. App'x 671, 671-72 (7th Cir. 2013).  In 2012, the Central District of Illinois revoked Lard's supervised release and ordered Lard reimprisoned for five years.  (*Id.*) Lard filed a notice of appeal, but his appointed lawyer argued that the appeal was frivolous and moved to withdraw.  (*Id.*)  The Seventh Circuit presumed that Lard's five-year term was reasonable because it fell within the range suggested by the sentencing commission's policy statement on revocation, and otherwise granted counsel's motion to withdraw and dismissed the appeal.  (*Id.*)  Following the appeal, on April 23, 2014, Lard filed another motion under 28 U.S.C. § 2255 in the Central District of Illinois, arguing (yet again) that his prior convictions were not qualifying violent felonies or serious drug convictions under the Armed Career Criminal Act.  (Case No. 4:14-cv-04041, Doc. 1.)  He also claimed that his revocation sentence was improper and that he had "new evidence" concerning the details of his 1994 possession of a firearm charge.  (*Id.*)  This petition remains pending before Judge Darrow.

On March 5, 2015, Lard filed the instant § 2254 petition in this Court. (Doc. 1.)  This is Lard's second habeas petition in this Court – on July 20, 2014, he filed a petition pursuant to § 2241, which was denied because Lard appeared

to be seeking relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as his petition concerned the conditions of his confinement. *See Lard v. Cross*, No. 14-cv-774, 2014 WL 3763945, at *3 (S.D. Ill. July 30, 2014).

## Discussion

While Lard has filled out a petition under 28 U.S.C. § 2254, his petition is so unclear as to raise doubts as to whether § 2254 was the form of relief he actually intends to invoke. Lard's petition focuses entirely on his 1994 federal sentence and conviction in the Central District of Illinois: as best the Court can tell, he claims that the conviction was obtained by way of a guilty plea that was not made voluntarily, that his sentence was improperly enhanced because his prior state convictions were non-violent, and that his conviction was obtained by way of unlawfully obtained evidence. (Doc. 1 at 4-5.) Given these types of challenges, § 2254 seems inapplicable; rather, § 2241 seems to be the proper vehicle for challenges to Lard's federal sentence in this district, and only then if Lard can come within the savings clause of § 2255. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (collateral attack on a sentence "in the court with jurisdiction over the prisoner's custodian" typically falls under 28 U.S.C. § 2241).

Despite Lard's apparent error in filing under § 2254,[1] the Court will evaluate Lard's motion under that statute only, as district courts must typically "respect a litigant's decision to invoke a certain statute and must resolve the case under that law." *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009). To

---

[1] To the extent Lard intended to seek relief under 28 U.S.C. § 2241, he will need to file a separate petition pursuant to that statute. The Court will have a § 2241 petition form mailed to Lard.

bring a petition under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254.  Section 2254's custodial requirement is jurisdictional.  *Wickstrom v. Schardt*, 798 F.2d 268, 269-70 (7th Cir. 1986).

      Here, there is no indication anywhere in Lard's petition that he is in custody pursuant to a state judgment.  For one, Lard admits that he is in federal prison pursuant to a federal sentence, and he does not contest the validity of a state judgment anywhere in his petition.  In addition, the state judgments Lard lists in his petition as predicates for his federal sentence are dated 1985, 1989, 1990, and 1991, respectively, and the state sentences for those judgments appear to have been fully served.  Because those state sentences have already been served and are fully expired, his § 2254 petition before this Court must be denied for jurisdictional reasons.  *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (prisoner is not in "state custody" under § 2254 where convictions used to enhance his federal sentence have "fully expired"); *see also Andrews v. Warden, FCC Coleman*, 475 F. App'x 747, 747 (11th Cir. 2012) (§ 2254 unavailable for federal prisoner who has "fully served" the state sentence later used to enhance his federal sentence); *Tomlinson v. Mendez*, 9 F. App'x 853, 856 (10th Cir. 2001) (prisoner could not use § 2254 when he was "in federal custody pursuant to a judgment of the federal district court"); *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1989) ("when Sentence A has expired but has been used to augment sentence B, the prisoner is 'in custody' only on sentence B").  For these

reasons, no relief appears available under § 2254, and Lard's petition must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, nothing in Lard's petition suggests that jurists of reason would debate the correctness of the Court's ruling or find a valid claim of the denial of a constitutional right. As such, the Court declines to issue a certificate of appealability.

## Disposition

**IT IS HEREBY ORDERED** that Lard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** for want of jurisdiction.

The **CLERK** is hereby **DIRECTED** to send a copy of a 28 U.S.C. § 2241 petition form to Lard at the address listed in his petition (Doc. 1).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:  March 25, 2015.**

Digitally signed by
David R. Herndon
Date: 2015.03.25
14:53:03 -05'00'

**United States District Judge**